**IN THE COURT OF APPEALS OF IOWA**

No. 19-0254
Filed April 17, 2019

**IN THE INTEREST OF S.I.,**
**Minor Child,**

**B.I., Mother,**
    Appellant.
_____

Appeal from the Iowa District Court for Polk County, Joseph Seidlin, Judge.

A mother appeals the order terminating her parental rights to her son.
**AFFIRMED.**

David Barajas of Macro & Kozlowski, LLP, West Des Moines, for appellant mother.

Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney General, for appellee State.

Lynn Vogan of Youth Law Center, Des Moines, guardian ad litem for minor child.

Considered by Potterfield, P.J., and Tabor and Bower, JJ.

**TABOR, Judge.**

Back-to-back days of winter storms posed a quandary for the juvenile court scheduled to hear evidence in the termination-of-parental-rights case involving the mother of then eight-month-old S.I.[1]  On the first day of inclement weather, January 22, 2019, the mother called her attorney and reported she could not make it to the courthouse.  The hearing was originally set for that day and the next morning.  The juvenile court agreed to continue the proceedings until the next day.[2] But the snow and cold persisted—forcing school closures and city bus delays on January 23.  The mother did not appear at the courthouse on the second day and did not contact her attorney.  Her attorney was frank with the court:

> I think the weather here is probably worse than it was yesterday.  For the record, Des Moines Public School District is closed.  I checked the DART bus station, and they're running delayed.  I don't think any of the routes are canceled, but they're delayed.  I don't know why my client is not here. I would assume it's weather related.  I just don't know that to be true.

The mother's attorney asked for "a short continuance" so "we can come back and actually put some testimony on."[3]  The juvenile court delayed the hearing for fifteen minutes, but when the attorney was still unable to reach his client, the court denied a renewed motion to continue.  The court explained, "I would need to have some communication at least stating that it's the weather that's delaying [her], and I don't have that."[4]

---

[1] The State's petition also sought to terminate the parental rights of S.I.'s father and was successful, but the father is not a party to this appeal.
[2] The juvenile court noted the mother had not missed any hearings during the child-in-need-of-assistance (CINA) case.
[3] The mother's attorney informed the juvenile court that the Iowa Supreme Court delayed its oral arguments until 10:00 a.m. that morning due to the overnight snowstorm.
[4] The record also showed the mother was slated to start inpatient substance-abuse treatment the morning of January 23.  The court suggested the mother's absence could

The mother now appeals the juvenile court's decision to proceed with the termination hearing in her absence. She alleges both an abuse of discretion and a violation of her due process rights. We review the denial of a motion to continue a termination trial for an abuse of discretion. *In re M.D.*, 921 N.W.2d 229, 232 (Iowa 2018). "Denial of a motion to continue must be unreasonable under the circumstances before we will reverse." *In re C.W.*, 554 N.W.2d 279, 281 (Iowa Ct. App. 1996). We review constitutional claims, such as the deprivation of due process, de novo. *Id.* Likewise, our overarching review of termination-of-parental rights proceedings is de novo. *In re A.S.*, 906 N.W.2d 467, 472 (Iowa 2018). In that review, "our fundamental concern" is S.I.'s best interests. *See M.D.*, 921 N.W.2d at 232.

After denying a continuance, the court accepted numerous exhibits from the State and took judicial notice of the underlying CINA file. The State did not present any live witnesses but argued it had proved by clear and convincing evidence termination was proper under Iowa Code subsections 232.116(1)(d), (h), and (i) (2019). One of the State's exhibits, the January 2019 Iowa Department of Human Services (DHS) report to the court, explained S.I. tested positive for methamphetamine at birth—leading to his immediate removal from his mother's custody in May 2018. The mother acknowledged using the drug while pregnant and struggled with her addiction through the summer and fall of 2018. She did not successfully complete substance-abuse treatment and did not consistently attend scheduled visitations with S.I., according to the DHS report.

---

have related to her decision to begin inpatient treatment that day, though she knew about the termination hearing date.

The juvenile court terminated the mother's parental rights under Iowa Code section 232.116(1)(d) and (h). She does not challenge the evidence supporting those grounds on appeal. She argues only that the order terminating her parental rights should be vacated because the denial of her motion to continue was an abuse of discretion and a due process violation.

We do not reach the due process question because the mother did not preserve error on that issue during the termination proceedings. *See In re S.V.G.*, 496 N.W.2d 262, 264 (Iowa Ct. App. 1992) (holding "matters not raised in the trial court, including constitutional questions, cannot be effectively asserted for the first time on appeal"); *see also In re L.J.*, No. 18-0910, 2018 WL 3472199, at *1 (Iowa Ct. App. July 18, 2018) (finding parent "failed to preserve error on her due process claim, as her counsel's request for a continuance did not allude to any potential constitutional violation in the event of a denial of the motion").[5]

---

[5] Even if we bypassed error preservation, we would not likely find a violation of her rights. *See In re A.S.*, No. 17-1564, 2018 WL 739341, at *2 (Iowa Ct. App. Feb. 7, 2018) ("Even if error had been preserved, her claim would fail; the mother received adequate notice of the petition, a hearing, representation, and the opportunity to provide testimony, and was thereby afforded due process."); *In re S.M.*, No. 17-0147, 2017 WL 1735917, at *2 (Iowa Ct. App. May 3, 2017) ("[The mother] had notice, was represented by counsel, counsel was present, and [the mother] had an opportunity to present her testimony in person. [Her] due process rights were not violated."); *In re N.H.*, No. 15-0691, 2015 WL 5577069, at *3 (Iowa Ct. App. Sept. 23, 2015) (finding no due process violation where father "was represented by counsel, who was present throughout the hearing, cross-examined witnesses, and presented the father's case to the juvenile court"); *In re N.W.*, No. 12-1233, 2012 WL 3860661, at *1 (Iowa Ct. App. Sept. 6, 2012) (finding due process was not violated where mother knew termination was imminent and she "had ample opportunity to prepare and present a defense through an alternate means, such as a deposition"); *In re J.H.*, No. 04-1384, 2004 WL 2389438, at *2 (Iowa Ct. App. Oct. 27, 2004) (finding due process satisfied where "the parent is represented by counsel at the hearing and is not denied an opportunity to present testimony by deposition at the hearing, if requested"); *In re R.C.*, No. 03-0993, 2004 WL 144242, at *2 (Iowa Ct. App. Jan. 28, 2004) (finding no denial of due process when a grandparent seeking placement of her grandchildren received notice of the placement hearing, was present with counsel, and was able to present evidence); *In re J.S.*, 470 N.W.2d 48, 52 (Iowa Ct. App. 1991) ("Where a parent receives notice of the petition and hearing, is represented by counsel, counsel is present

So we turn to the one question before us—the juvenile court's exercise of discretion in denying the motion to continue. "We may look at a parent's past performance in determining whether a continuance of a termination proceedings should be granted." *See In re K.A.*, 516 N.W.2d 35, 37–38 (Iowa Ct. App. 1994) (citing *In re B.K.J., Jr.*, 483 N.W.2d 608, 611 (Iowa Ct. App. 1992)). In her petition on appeal, the mother emphasizes her "perfect attendance" at hearings during the CINA case. Indeed, the juvenile court considered the mother's prior diligence and gave her "the benefit of the doubt" by continuing the hearing on the first day.

But when the mother failed to appear and failed to contact her attorney on the second day, the court was entitled to consider the broader implications of a delay. The State argued a continuance was not in S.I.'s best interests, stressing the mother had not effectively engaged in services to address her substance abuse during the eight months since S.I. was removed from her care at the hospital. The child's guardian ad litem also resisted the continuance, asserting, "I understand the weather is difficult, but all parties have known about this and could have made arrangements to get here. I do not believe it's in the best interest of [S.I.] for us to continue this. He deserves permanency. He deserves it now."

Under these circumstances, we find the juvenile court properly exercised its discretion in denying the motion to continue. Waiting—not only for a rescheduled hearing, but for the mother to engage in the treatment recommended by the DHS case plan—was not in S.I's best interests. *See K.A.*, 516 N.W.2d at 37.

**AFFIRMED.**

---

at the termination hearing, and the parent has an opportunity to present testimony by deposition, we cannot say the parent has been deprived of fundamental fairness.").